# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

### ELLA HOEY v. O. S. ELLIS.

November 9, 1899.

Nos. 11,730—(29).[1]

**Replevin—Judgment Erroneous under G. S. 1894, § 5420—Satisfaction.**

In an action in replevin the jury found that the plaintiff was entitled to the possession of the property described in the complaint, and also found the value of the property. The plaintiff, who was the prevailing party, and in possession of the property at the time of the trial and rendition of the verdict, entered judgment thereon, and included therein the value of the property, and that, in case possession thereof could not be had, the plaintiff recover of the defendant the value thereof as found by the jury. This insertion of the value of the property in the judgment was error, under G. S. 1894, § 5420, but subsequently, and before the appeal to this court was taken by the defendant, the plaintiff duly satisfied the judgment. *Held*, that this satisfaction cured the error, and thereafter the defendant had no grounds of appeal.

Action of replevin in the district court for Hennepin county. The case was tried before Johnson, J., and a jury, which rendered a verdict that plaintiff was entitled to possession of the property described, and that its value was $600, and judgment was entered that plaintiff have immediate possession thereof and that in case possession could not be had she recover said sum. Plaintiff caused satisfaction of the judgment to be entered, and defendant appealed from the judgment. Affirmed.

[1] See note on page iv. supra.

*C. E. Brame,* for appellant.
*M. C. Brady,* for respondent.

BUCK, J.

Action in replevin. Complaint alleges ownership and right of possession in the plaintiff, and that the property sought to be replevied is of the actual value of $600. Answer admits the alleged value of the property, denies the other allegations of the complaint, and demands a return of the property, or, in case a return thereof cannot be made, then that defendant recover the value thereof. Upon a trial the court instructed the jury that plaintiff was entitled to the immediate possession of the property described in the complaint. They further found the value of the property to be $600. This was the value of the property as agreed upon by the parties. In entering judgment, it adjudged that plaintiff have the immediate possession of the property, and, in case possession thereof could not be had, that plaintiff recover of the defendant the sum of $600.

At the time of the trial and entry of judgment the plaintiff, who was the prevailing party, was in the possession of the property, and, under G. S. 1894, § 5420, it was error to insert in the judgment its value. But after the entry of the judgment, and before this appeal was taken, the plaintiff duly satisfied the judgment; hence there was no further reason or grounds for appeal, as the defendant was not, and could not be, injured by the error in inserting the value of the property in the judgment.

The further point is made that the verdict does not respond to all the issues raised by the pleadings, viz., as to the ownership of the property. But the defendant did not allege in his answer that he owned the property replevied, nor that he was entitled to the possession, and, as no evidence is returned, there is no showing made by defendant as to who actually owned the property, and hence the defendant, by his own fault, failed to present a case where the jury could find a verdict responsive to the issue of ownership. Replevin is a possessory action in its character, and the right of possession merely is sufficient to enable a party to maintain replevin. Upon

this point the jury found in favor of plaintiff.    Judgment was entered accordingly, and we find no grounds for disturbing it.

Judgment affirmed.